UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


DEREK J. LITTLETON,

    Plaintiff,

v.                                      3:07-cv-40

LOUDON COUNTY, TENNESSEE,
SHERIFF TIM GUIDER, and
JAIL ADMINISTRATOR BILL SHIRK,

    Defendants.


## MEMORANDUM AND ORDER

The court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Loudon County Jail. The defendants are Loudon County, Tennessee, Sheriff Tim Guider, and Jail Administrator Bill Shirk. Plaintiff alleges that on January 28, 2006, he broke his foot in three places. According to plaintiff, the jail neglected

to replace a drain cover that had been missing for six to eight months; the drain hole was approximately 12 inches around, was in front of the toilet, and was not visible after lights out. Plaintiff claims he stepped in the hole on his way to the bathroom and broke his foot. He was taken to the emergency room, where he was given crutches and a special shoe.

Plaintiff also claims that the jail refused to allow him to use the crutches and thus he re-injured his foot numerous times because he was forced to hop around on one foot. Plaintiff further claims that, because it was a sewage drain, his toe became infected and he was later taken to the emergency room for treatment of the infection. Plaintiff seeks compensation for his injuries that he claims were the result of the jail's negligence.

It has long been settled that allegations of mere negligence on the part of prison officials fail to state a claim upon which relief can be granted in a § 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986); *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). That concept has been expanded to include allegations of gross negligence as well. In *Lewellen v. Metropolitan Government of Nashville and Davidson County, Tennessee*, 34 F.3d 345 (6th Cir. 1994), the Sixth Circuit held that "[g]ross negligence is not actionable under § 1983, because it is not 'arbitrary in the constitutional sense.'" *Id*. at 351 (quoting *Collins v. City of Harker Heights*, 112 S. Ct. 1061, 1071 (1992)). *See also Gazette v. City of Pontiac*, 41 F.3d 1061, 1066 (6th Cir. 1994) ("gross negligence is not the type of government action needed to support a Section 1983 claim").

In addition, plaintiff does not state what individual or individuals denied him the use of his crutches. In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that

he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Loudon County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides

3

is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Loudon County, Tennessee, and the county attorney for Loudon County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

    **E N T E R:**

                                                  s/ James H. Jarvis  
                                                  United States District Judge